Oakley, Ch. J. (with the concurrence of Sandford and Paine, Justices.)
The application is opposed on two grounds, the practice in respect of both of which is virtually settled, but we deem it well to mention it again. 1. It is objected, that the nature of the libel is such, that the defendant ought not to be required to answer on oath, because the matters to be stated might subject him to a criminal prosecution. 2. That the plaintiff kept the answer so long, he cannot treat it as a nullity; and moreover, he has no right to return it, unless he pointed out the defect.
The objections are all well taken. As to the first, the rule was adopted and the practice correctly laid down in Hill v. Muller, 2 Sand. 684. The defendant need not admit or deny the allegations, which he will state in his answer on oath, he might subject himself to a criminal prosecution by answering. This statement will put in issue such allegations. As to the residue of the complaint, he will answer in the usual manner. 2. The plaintiff, by keeping the answer so long, was barred from objecting to its form. And on returning it, if it had been in time, he was bound to point out the nature of the alleged defect. It was so held in Laimbeer v. Allen, 2 Sand. 648. The practice pursued by the plaintiff was not reasonable, and we are not disposed to sustain it. The defendant is at liberty to answer in the mode before mentioned.
Application denied.